IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH GRANT, ) | Case No: 8:05CV408 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

The plaintiff's complaint was filed on August 19, 2005. At the time of filing, the plaintiff was represented by counsel. He currently appears in this court pro se.

The plaintiff's counsel filed a motion to withdraw on November 20, 2006. The motion explained that the plaintiff had failed to remain in contact with his attorney, thereby making it unreasonably difficult to continue representing the plaintiff. Filing No. 44. The plaintiff was given until December 15, 2006, to respond to the motion to withdraw. Counsel's motion to withdraw and the court's order setting a deadline for the plaintiff's response were sent to the plaintiff. The plaintiff did not respond. Counsel for the plaintiff withdrew from the case effective December 18, 2006. Filing No. 47. The court's order permitting counsel to withdraw advised the plaintiff that he "is now personally responsible for prosecuting this case on his own behalf in accordance with the Federal Rules of Civil Procedure, the Local Rules of Practice, and the schedules set by the court." Filing No. 47.

The plaintiff's complaint alleges that on October 12, 2003, he was physically injured because an officer used excessive force while arresting the plaintiff. He alleges he suffered physical, emotional and neurological injury, pain, suffering, loss of wages, impairment of earning capacity, inability to work, hospital and doctor bills, expenses of

rehabilitation, and miscellaneous costs as a result of the officer's conduct. Filing No. 35.

On February 27, 2007, the government attempted to serve requests for production of documents on the plaintiff by certified mail. The government's discovery requested copies of plaintiff's medical records, social security benefits statements, tax returns and W-2 forms, former deposition testimony in previous lawsuits, and information about other civil lawsuits filed by the plaintiff. Filing No. 73, ¶ 3. This mailing was returned undelivered. On March 22, 2007, the government re-served the requests for production by first class mail. The plaintiff did not respond to the government's discovery requests. Filing No. 57. The government filed a motion to compel on May 21, 2007. Filing No. 56. The plaintiff did not respond to the motion to compel.

The court granted the government's motion to compel and directed the plaintiff to produce the requested discovery on or before June 28, 2007. The court's order further stated:

> If Plaintiff fails to produce the discovery requested, then Plaintiff is warned and advised that sanctions permitted under Federal Rule of Civil Procedure 37, may be imposed on him, including dismissal of this matter based on the Plaintiff's failure to prosecute his case.

Filing No. 60.

On June 28, 2007, the plaintiff filed a motion to continue the case. Filing No. 61. Although eight pages of medical records were attached to the motion, the documents responsive to the remainder of the government's requests were not attached to that motion. The plaintiff's Filing No. 61 motion stated he wanted the case continued so he could locate and retain new counsel. The motion was denied on July 19, 2007. Filing Nos.

61 & 63. The court's order was mailed by the Clerk of the Court to the plaintiff at the address listed on the court's docket. This mailing was not returned.

On July 20, 2007, the government filed a motion to dismiss for failure to prosecute or, in the alternative, for summary judgment. Filing No. 64. Regarding the plaintiff's failure to prosecute, the government's brief explained that after the plaintiff's attorney withdrew, the plaintiff did nothing to prosecute this case. Specifically, the brief explained that the plaintiff did not attend noticed depositions, respond to discovery, respond to the government's motion to compel, or provide the requested discovery as ordered by the court. Filing No. 65, pp. 6-7. The government's July 20, 2007, motion and brief were sent to the plaintiff at the address listed on the court's docket. Thirty days have passed, and the plaintiff has not responded to this dispositive motion or the statements in the government's brief.

The court's docket reflects that with the exception of his motion to continue the progression deadlines so that he could find a new lawyer, Filing No. 61, the plaintiff has filed nothing in this case since his attorney withdrew on December 18, 2006.

Counsel for the government filed a declaration on August 17, 2007 which states:

As of the signing of this declaration, the plaintiff has not responded to the Request for Production served upon him. The only medical information provided was the incomplete medical records attached to his motion for a continuance. Those records do not satisfy the Request for Production.

Filing No. 73, ¶ 4.

The plaintiff was clearly warned that failing to respond to discovery in response to the court's order could result in dismissal of his case. Despite this warning, other than the few incomplete medical records attached to plaintiff's motion to continue, the plaintiff has

3

failed to produce the documents requested by the government and relevant to the plaintiff's injury and damage claims. This lawsuit has been on file for over three years, yet the plaintiff has not yet produced complete discovery related to essential elements of his claim. Based on the totality of the record before me, I find the plaintiff has willfully and knowingly disobeyed this court's order by refusing to fully cooperate with the discovery process. Such conduct justifies dismissal under Rule 37(b)(2) of the Federal Rules of Civil Procedure. See <u>Avionic Co. v. General Dynamics Corp</u>., 957 F.2d 555, 558 (8th Cir. 1992)(holding willful disobedience of a discovery order warranted dismissal of plaintiff's case).

The court further finds that the plaintiff has failed to make any effort to prosecute this case since his attorney withdrew eight months ago. A federal trial court has the inherent power to dismiss a plaintiff's action with prejudice for failure to prosecute. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629 (1962). "[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 633 (1962).

The plaintiff's former counsel withdrew because the plaintiff would not communicate with the lawyer about the case. Since that withdrawal, the plaintiff has deliberately refused to fully respond to court-ordered discovery, has made no effort to litigate this case to final resolution, and has failed to respond to the government's dispositive motion. Based on the totality of these circumstances, I find the plaintiff's case should be dismissed with prejudice for failure to prosecute.

4

IT IS ORDERED:

1. The plaintiff's complaint and this case are dismissed with prejudice for willfully failing to comply with the court's discovery orders and for want of prosecution; and

2. Judgment will be entered in accordance with this Memorandum and Order.

Dated this 21st day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge